UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KIMBERLY D. CROSSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:25-cv-00230-LEW |
| ) | |
| NORTHERN LIGHT SEBASTICOOK ) | |
| VALLEY HOSPITAL, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 10.)[1] Because the Court granted Plaintiff leave to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**[2]

In December 2023, Plaintiff was in her vehicle on her way to obtain medical services related to her pacemaker when a truck side swiped her vehicle. Plaintiff drove some

---

[1] Plaintiff originally filed the complaint in the District of Massachusetts, but due to lack of venue, the case was transferred to the District of Maine. (Order, ECF No. 6.)

[2] For purposes of this review, the facts are derived from Plaintiff's complaint and supporting attachments, and the alleged facts are viewed most favorably to Plaintiff.

distance to look for a safe location and to obtain assistance. A local police officer arrived and inquired about the absence of a license plate on Plaintiff's vehicle. The officer also looked into her vehicle. Plaintiff gave the officer the vehicle registration, and the officer advised that she could sit in her car for a minute. Plaintiff responded that she was going to a place with phone service and started to walk toward a nearby house. Another police unit arrived while Plaintiff was in the driveway of the house and placed her in handcuffs. The officer subsequently removed the handcuffs and drove her back to her car. State police, who had also arrived at Plaintiff's vehicle, transported her to a local hospital.

At the hospital, Plaintiff provided certain information and her identification card to the receptionist. When Plaintiff exited the hospital, the receptionist and a security guard followed her. After she reentered the hospital, staff members and medical providers monitored her and began to conduct a psychological evaluation without Plaintiff's knowledge. Plaintiff then attempted to leave, but she was not permitted to do so. At some point thereafter, three staff members arrived in a hospital van and transported Plaintiff to her home.

Plaintiff maintains that the hospital personnel did not assist her, including by providing her with the name of a relevant organization or advocate. Instead, she was stereotyped, harassed, and her privacy was violated. Plaintiff named as defendants the hospital, the hospital's president, the hospital's parent company, and another company, and an insurer. Plaintiff also listed unknown John and Jane Doe defendants as placeholders for hospital staff members.

**LEGAL STANDARD**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**DISCUSSION**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its

subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. By alleging that Defendants' conduct violated the United States Constitution, Plaintiff evidently attempts to invoke the Court's federal question jurisdiction. On the civil cover sheet, Plaintiff identified "federal question" as a basis for jurisdiction.

The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005). Plaintiff has not alleged any facts that would support a finding that the medical entities or individuals named as defendants are government agencies or employees.[3]

---

[3] To the extent that the psychological assessment that was allegedly performed without Plaintiff's consent can be construed to be part of an involuntary commitment process, Defendants would not be considered state actors. The First Circuit has held in similar cases that private hospitals and medical staff who participate in involuntary commitment proceedings are not thereby transformed into state actors. *Id.* at 4 (affirming dismissal of constitutional claim arising from the plaintiff's involuntary commitment pursuant

Because Defendants are not state actors, Plaintiff cannot proceed on a claim based on an alleged constitutional violation.[4]  Plaintiff, therefore, has not alleged a claim within this Court's subject matter jurisdiction.[5]  Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint. The Court has dismissed multiple claims asserted by Plaintiff based on Plaintiff's lack of prosecution. *Crosson v. Jeffrey Keaten*, No. 1:21-cv-00049-LEW; *Crosson v. Waterville Police Department, et al.*, No. 1:22-cv-00159-LEW; *Crosson v. Owner of Property Tim*, No. 2:22-

---

to Puerto Rico law); *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254, 261 (1st Cir. 1994) (affirming dismissal of claim arising from the plaintiff's involuntary commitment pursuant to Massachusetts law).  Consistent with circuit authority, this Court has found that Maine's involuntary commitment statute and procedures do not have characteristics that would support a finding that private care providers who participate in the Maine involuntary commitment proceedings are state actors.  *Palm v. Sisters of Charity Health Sys.*, No. 1:07-cv-00120-JAW, 2008 WL 2229764 (D. Me. May 28, 2008), *report and recommendation adopted,* 2008 WL 2593759 (D. Me. June 30, 2008) (dismissing complaint for failure to state a claim).

[4] Plaintiff did not name any police officers as defendants.  Even if she intended to proceed against the police officers, the conduct described in the complaint does not establish a constitutional violation.  For example, Plaintiff noted that an officer looked into her vehicle without stating or demonstrating that the officer had a search warrant, but the circumstances alleged do not establish that a search warrant was required to comply with the requirements of the Fourth Amendment.  *See United States v. Bynum*, 508 F.3d 1134, 1137 (8th Cir. 2007) ("Neither probable cause nor reasonable suspicion is necessary for an officer to look through a window (or open door) of a vehicle so long as he or she has a right to be in close proximity to the vehicle").

[5] To the extent Plaintiff intended to allege a state law claim, Plaintiff's claim would not be within the Court's diversity jurisdiction. For a court to exercise diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).  Here, Plaintiff is a Maine resident and has joined Maine defendants.  Plaintiff, therefore, has not demonstrated the complete diversity necessary to invoke the Court's diversity jurisdiction. Furthermore, because there are no actionable federal claims, an exercise of supplemental jurisdiction over any state law claims would not be appropriate.  *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

cv-00160-LEW; *Crosson v. Rolfe*, No. 1:22-cv-00161-LEW; *Crosson v. Town of Anson*, et al., No. 1:22-cv-00162-LEW; *Crosson v. Town of Augusta, et al.*, No. 1:22-cv-00163-LEW; *Crosson v. Days Inn, et al.*, No. 1:22-cv-00164-LEW; *Crosson v. Bickford*, No. 2:22-cv-00165-LEW; *Crosson v. Hatin*, No. 2:22-cv-00166-LEW; *Crosson v. Keaton*, No. 1:22-cv-00167-LEW; *Crosson v. Keaton*, No. 1:22-cv-00167-LEW; *Crosson v. Obert*, No. 1:22-cv-00168-LEW; *Crosson v. Frey, et al.*, No. 1:22-cv-00169-LEW; *Crosson v. Rodrigue,* No. 1:22-cv-00170-LEW; *Crosson v. City of Auburn, et al.*, No. 2:22-cv-00171-LEW; *Crosson v. Somerset County Sheriff's Dept., et al.*, No. 1:22-cv-00172-LEW: *Crosson v. Maine State Police, et al.*, No. 1:22-cv-00173-LEW.

Given Plaintiff's filing history, I also recommend the Court issue an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2025.